UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CATALIN YAMYLETH ELIGIO,

                          Plaintiff,              20 Civ. 8521 (PAE) (JW)

       -v-

                                                  OPINION AND ORDER
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Catalin Yamyleth Eligio ("Eligio") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of an administrative law judge's decision of August 14, 2019 denying Eligio Supplemental Security Income under the Social Security Act (the "Act") on the grounds that, for the relevant period, Eligio's impairments did not render her disabled under the Act. Before the Court is the July 15, 2022 Report and Recommendation of the Hon. Jennifer E. Willis, United States Magistrate Judge, recommending that Eligio's motion for judgment on the pleadings be granted, that the Commissioner of Social Security's ("Commissioner") cross-motion for judgment on the pleadings be denied, and remanding for further administrative proceedings. Dkt. 26 (the "Report"). For the following reasons, the Court adopts the Report in full.

## DISCUSSION

      "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Eligio nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Willis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within fourteen days will result in a waiver of objections and will preclude appellate review. Report at 25. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court grants Eligio's motion for judgment on the pleadings, denies the Commissioner's cross-motion for judgment on the pleadings, and

remands this case for further administrative proceedings.[1] The Clerk of Court is respectfully directed to terminate the motions pending at docket entry 21 and 23, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: August 1, 2022
      New York, New York

---

[1] Because Eligio sought—among other relief— such a remand, Dkt. 1., such relief is appropriately styled as a judgment on the pleadings. For avoidance of doubt, at this time, the court does not resolve Eligio's bid for other relief, including for attorney's fees or Supplemental Security Income benefits.